STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

v.

CAROL PEASLEE,

Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. AR-98-004
SKS-KEN-5/18/2000

DECISION ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

MAY 26 2000

This matter comes before the court on the defendant's appeal of the District Court's decision on the defendant's motion to suppress evidence. The defendant has entered a conditional guilty plea. The appellant does contest the motion judge's findings of fact and adopts those findings *in toto*. Therefore, this court will follow suit and incorporate the motion judge's findings by reference for purposes of this decision.

The issue before the court is whether the motion judge erred as a matter of law when, after considering the totality of the circumstances as set forth in the findings of fact, the court held, ". . . that as long as the defendant voluntarily consented to the police entry, the resultant plain view observations and later seizures were lawful, and the officer's ulterior motive in actually wanting to search the premises, is irrelevant to the analysis." The court found that the defendant's Fourth Amendment rights were not violated and denied the motion to suppress. The defendant does not contest that the items identified by the officer as stolen and subsequently seized were within the officer's plain view after he had entered her

1

residence. Nor does the defendant contest that she consented to the officer entering her residence. The narrow issue is whether the defendant's consent was voluntary in light of the reasons stated by the officer for requesting admission.

The issue on appeal arises because of what the motion judge characterized as the officer's "dual purpose" in requesting the defendant's consent to enter her residence. The first purpose, and the purpose which the officer stated to the defendant, was to ". . . give her a notice and summons on [a] bad check case and explain the process to her." The motion judge characterized this is as a "legitimate purpose in entering," and the court finds no error in this characterization. The second and more important purpose for gaining entry, which was not revealed to the defendant, was the officer's desire to observe the interior of the defendant's residence for stolen property which he had reason to believe the defendant had in her possession. In other words, the officer told the defendant no lies and had a legitimate law enforcement purpose for being at the defendant's residence, but he did not tell the defendant that he had a second, more compelling reason for wanting entry. The motion judge made clear that he did not advocate what he termed "misleading techniques," but ultimately upheld the entry and denied the motion.

A review of those cases cited by the parties in their briefs and others resulting from the court's own research indicates that decisions on similar issues tend to be heavily dependent on factual distinctions.[1] None of the cases researched specifically

---

[1] In addition to those cases cited in the briefs, the court has reviewed *U.S. v. Bosse*, 898 F.2d 1113 (9th Cir. 1990); *U.S. v. Briley*, 726 F.2d 1301 (8th Cir. 1984); *People v. Daugherty*, 514 N.E.2d 228 (Ill. 1987); *State v. McCrorey*, 851 P.2d 1234 (Wash. 1993); and *People v. Zamora*, 940 P.2d 939 (Colo. 1996). The holdings in these cases cannot always be reconciled, e.g., "A ruse entry when the suspect is

2

concern the "dual purpose" situation presented in the present case. Nor are the results uniform. However, after reviewing the state of the law, unsettled as it may be, the court concludes that the motion judge did not err as a matter of law when he reviewed the totality of the circumstances and decided that the defendant's Fourth Amendment rights had not been violated.

For the reasons stated above, the entry will be:

Appeal DENIED. REMANDED to the District Court.

Dated: May 18, 2000

S. Kirk Studstrup
Justice, Superior Court

---

informed that the person seeking entry is a government agent but is misinformed as to the purpose for which the agent seeks entry cannot be justified by consent." *Bosse, supra,* at 115, versus "Most courts have recognized that ruses are a sometimes necessary element of police work and have held that deception standing alone does not invalidate consent; it is one factor to be considered in assessing the totality of the circumstances." *Zamora, supra,* at 942.

Date Filed __08/27/98__ ____KENNEBEC____ Docket No. __AR98-4__
County

Action __APPEAL__

State of Maine          vs.          CAROL PEASLEE

| Offense | Attorney |
|---|---|
| Receiving Stolen Property<br>Title 17-A Section 359    Class e | J. Mitchell Flick<br>21 Main Street<br>Winthrop Me<br><br>Court Appointed |

| Date of Entry | |
|---|---|
| 08/27/98 | Case received from Southern Kennebec District Court upon appeal. |
| 7/27/99 | Transcript Order filed.  s/Flick, Esq. |
| | Motion for Transcript at State Expense filed.  s/Flick, Esq. |
| 7/29/99 | It is ORDERED that the transcript as listed in the Transcript Order shall be prepared at State expense.    s/Studstrup, J.<br>Copies to attys. and Electronic Recording. |
| 8/3/99 | Transcript Order filed.  s/Rucha, ADA.<br>Attested copy sent to Electronic Recording. |
| 09/29/99 | Transcript filed by Electronic Recording. |
| 10/14/99 | Briefing schedule mailed.  Appellants brief due November 15, 1999. |
| 11/15/99 | It is ordered that the motion to extend deadline to file appellant's brief is granted. s/Marden, J.  Copies to counsel. |
| 12/03/99 | Appellant's Second Motion to Extend Deadline to File Appellant's Brief filed by J.Mitchell Flick, Esq. |
| 12/03/99 | Appellant's Second Motion to Extend Deadline to File Appellant's Brief Granted by Justice Studstrup. Copies to Attorney's. |
| 12/16/99 | Appellant's Brief filed by J Mitchell Flick, Esq. |
| 1/14/00 | Brief on Behalf of the State of Maine, Appellee, filed.  s/Hallisey-Swift, AD |
| 03/01/00 | SCHEDULED FOR ORAL ARGUMENT ON 03/29/00 AT 9:00 A. M.    NOTICE TO COUNSEL. |
| 03/08/00 | MOTION TO CONTINUE FILED BY DEFENSE COUNSEL. |
| 03/09/00 | IT IS HEREBY ORDERED THAT THE MOTION TO CONTINUE IS GRANTED. S/ATWOOD, J.<br>COPIES TO COUNSEL. |
| | RESCHEDULED FOR ORAL ARGUMENT ON 5/16/2000 AT 8:15 A. M. |
| 5/16/00 | ORAL ARGUMENTS HELD.  CASE TAKEN UNDER ADVISEMENT.  JUSTICE STUDSTRUP, PRES.<br>AND LAURIE GOULD COURT REPORTER. |
| 5/19/00 | DECISION ON APPEAL filed.  s/Studstrup, J.  (signed on 5/18/00)<br>Appeal DENIED.  REMANDED to the District Court.<br>Copies to attorneys, Deborah Firestone, Garbrecht Law Library and Donald Goss |